IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>      Plaintiff,<br><br>  v.<br><br>NICOLE NIELSON, TARYN PRAZEN,<br>BARBARA SINGER, LDS CHURCH OF<br>KEARNS, UTAH DIVISION OF CHILD<br>AND FAMILY SERVICES, and THE<br>CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS,<br><br>      Defendants. | Case No. 2:08-CV-468-TC<br><br><br>**REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff Frank Parker, who is proceeding *in forma pauperis*, filed his Complaint on June 18, 2008, and the case was assigned to United States District Judge Tena Campbell.  (Docket Entries #4, 5.)  Judge Campbell referred the case to United States Magistrate Judge Samuel Alba on June 26, 2008.  (Docket Entry #6.)

On September 5, 2008, Plaintiff and Defendant The Church of Jesus Christ of Latter-day Saints (hereafter "LDS Church") filed a stipulation agreeing to the dismissal, without prejudice, of the LDS Church.  (Docket Entry #28.)

On October 21, 2008, Plaintiff and Defendants Nicole Nielson, Taryn Prazen, and Utah Division of Child and Family Services (hereafter "State Defendants") filed a stipulated motion to dismiss, with prejudice, the State Defendants from this action.  (Docket Entry #36.)  The court granted that motion on October 29, 2008, and a final judgment was entered as to the State Defendants on October 30, 2008.  (Docket Entries #37, 38.)

As a result, the only remaining defendant in this case is Barbara Singer.  For the reasons given below, the court recommends that the case be dismissed as to Defendant Singer.

**ANALYSIS**

Plaintiff is proceeding *pro se*.  As a result, the Court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*  The Court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In his Amended Complaint, Plaintiff alleges that Defendant Singer engaged in fraud, deception in the intent to commit wrong, violation of residual rights, and violation of the First Amendment.  (Docket Entry #8, at 6.)  It appears to the court that these claims fall within the overall action Plaintiff has brought under 42 U.S.C. § 1983[1] (Docket Entry #8, at 1); however, to the extent these claims fall under Plaintiff's Section 1983 action, they must be dismissed.  To state a civil rights claim under Section 1983, the plaintiff must allege that the defendant was acting under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Here, Plaintiff has noted that Defendant Singer is the grandmother of Plaintiff's child, but Plaintiff has not alleged that Defendant Singer was acting under color of state law.  As a result, any action Plaintiff has brought against Defendant Singer under Section 1983 fails to state a claim on which relief may be granted.  Thus, the claims against Defendant Singer should be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B) (directing that court "shall dismiss case at any time if court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

---

[1] Plaintiff also lists 42 U.S.C. § 1985 at the beginning of his Complaint as a jurisdictional basis for his Complaint; however, because Plaintiff has wholly failed to allege the elements of a Section 1985 action, any such intended action fails.  *See* 42 U.S.C. § 1985.

Finally, a court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also United States Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966); *Gesink v. Lodge 86, Int'l Ass'n of Machinists*, 831 F.2d 214, 217 (10th Cir. 1987).  To the extent Plaintiff's claims against Defendant Singer are pendent state law claims, the court recommends that it exercise its discretion to dismiss any pendent claims.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** as to Defendant Barbara Singer.  Because Defendant Singer is the only remaining defendant in this case, dismissal of the Complaint as to her results in the full dismissal of Plaintiff's Complaint.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 8th day of December, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge